IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADONNIS CONNER,

                Plaintiff,

v.

SGT. JOHN BOUZEK, JOHN DOE (SPECIAL NEEDS COMMITTEE); DR. JEANPIERRE, WARDEN BRIAN FOSTER, and RN YORK,

                Defendants.

OPINION and ORDER

18-cv-1031-jdp

---

Pro se plaintiff Adonnis Conner, an inmate incarcerated at Waupun Correctional Institution (WCI), alleges that he injured his back when he slipped and fell on a patch of wet floor inside the prison. He has filed a civil complaint under 42 U.S.C. § 1983, in which he says that prison staff were negligent in failing to post warnings about the wet floor, and that they failed to address his medical needs in the aftermath of the fall by denying him a special mattress, failing to provide him with physical therapy, and giving him ineffective pain medications.

Conner has paid the filing fee in full, so I can now screen his complaint under 28 U.S.C. § 1915A. But before I do so, I will address Conner's motion asking that a magistrate judge handle his case. Dkt. 7. That motion is denied. Under 28 U.S.C. § 636(c)(1), the district court may refer a case to a magistrate judge when all parties agree to do so. The defendants have not yet been served, so they cannot provide their consent. Regardless, I have discretion to retain jurisdiction over a case even when both sides consent to a magistrate judge's jurisdiction. Because Conner provides no reason for seeking reassignment and I see no need for one, I will retain jurisdiction over the case.

In screening Conner's complaint under 28 U.S.C. § 1915A, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. Because Conner is proceeding pro se, I must read the allegations of his complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). I conclude that Conner has stated Eighth Amendment medical-care claims against defendants Bouzek, York, and the John Doe Special Needs Committee members who denied him a special mattress, as well as a state-law negligence claim against Bouzek. Conner's allegations about failure to train, physical therapy, and pain medications are too vague to state a claim, but I will give Conner a chance to supplement his complaint with clarifying details.

ALLEGATIONS OF FACT

I draw the following facts from Conner's complaint, Dkt. 1, and accept them as true for purposes of this order.

At approximately 8:25 a.m. on August 27, 2018, Conner was on his way to the library when he slipped and fell on a patch of wet floor in the northwest cell hall. He landed on his back and heard something pop. After lying on the floor for a while, Conner managed to get up and make his way to the cage, where a sergeant was posted. Conner told the sergeant that "it was probably ok" and that he "was going to try to make it to the library because he had important legal work to get done." *Id.* at ¶ 6.

An hour later, Conner started experiencing sharp pains in his back, so he left the library and returned to the cell hall. He told defendant Bouzek, a sergeant at WCI, that "he was in pain and couldn't take it anymore and needed medical." *Id.* at ¶ 8. Bouzek told Conner that

he would "look into it" and instructed him to "go lock in." *Id.* Conner doesn't know when Bouzek notified the health services unit (HSU) about the injury, but ultimately three hours passed before Conner was called to HSU. In the meantime, Conner was left in pain and in need of medical attention.

Conner was taken to HSU at approximately 12:30 p.m. Defendant York, a nurse, examined Conner and determined that his injury was serious and that he needed to be taken to the hospital immediately. At the hospital, a doctor determined that Conner had "[m]ild 10% superior endplate T11 and T12 vertebral body compression fractures of indeterminate age." Dkt. 1-2, at 2.

In an accident report filed on September 2, 2018, Bouzek provided a summary of the incident in which he said that the floors were slippery because of the humidity, but that yellow signs had been posted on the floor prior to Conner's fall. Dkt. 1-1, at 1. But Conner alleges that, contrary to Bouzek's report, there were no signs out on the tier prior to his fall. It wasn't until 8:40 a.m. that Bouzek ordered that the signs be put out.

On November 8, 2018, Conner asked the Special Needs Committee to provide him with a medical mattress to accommodate his back injury. The Special Needs Committee denied the request because it determined that there was "no medical indication" and that the request "does not meet Policy and Procedure 300.07 criteria." Dkt. 1-3. (DOC Health Services Policy and Procedure 300.07 outlines protocols for allowing certain special-needs items, such as double or extra-thick mattresses.)

At the time he filed this lawsuit on December 12, 2018, Conner had been on the waiting list for physical therapy since August 27—the date of the accident—but hadn't yet seen a physical therapist. Instead, he was being prescribed medication "that is not working." Dkt. 1,

¶ 21. After complaining about the ineffective medication for months, Conner saw defendant Jeanpierre, a doctor, on November 27, 2018. In her clinical notes from that appointment, Jeanpierre noted that Conner was "currently on ibuprofen and muscle rub" and "on the waiting list for physical therapy." Dkt. 1-4. Under the section of her notes labeled "assessment/plan," Jeanpierre wrote that she would have Conner do "a trial of duloxetine" and would order that Conner receive an ice bag and a low-bunk restriction.

ANALYSIS

A. **Eighth Amendment claims**

Conner attempts to bring claims under 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a deliberate indifference claim, Conner must allege that each defendant was aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To be considered "deliberately indifferent," an official must know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

4

inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 837).

Conner states Eighth Amendment claims against Bouzek, York, and the John Doe Special Needs Committee member (or members, if there were more than one). I can infer at screening that Conner's back injury was a serious medical need. Conner alleges that Bouzek and York became aware that he was experiencing severe back pain on the morning of August 27, 2018, but that they waited three hours before transporting him to HSU and then to the hospital, causing him to experience unnecessary pain and suffering. And I can infer from Conner's allegations that the John Doe Special Needs Committee member was also aware of Conner's back injury, and that by denying Conner's request for a medical mattress, he or she disregarded an excessive risk to Conner's health. At the preliminary pretrial conference that will be held later in this case, Magistrate Judge Stephen Crocker will explain the process for Conner to use discovery requests to identify the names of the Doe defendants and to amend the complaint to include those defendants by name.

**B. State-law negligence claim**

Conner asserts a claim against Bouzek for failing to ensure that the "wet floor" signs were out at the time of Conner's fall. He describes it as a "state constitutional claim," but it is actually a claim for the state-law tort of negligence. Under Wisconsin law, a claim for negligence "requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. I infer from the allegations in the complaint that Bouzek was the WCI official responsible for taking safety measures to prevent inmates from falling on the slippery floor, and that his

5

failure to do so resulted in Conner's back injury. So I will allow him to proceed on a negligence claim against Bouzek.

**C. Claims that violate Federal Rule of Civil Procedure 8**

Conner's remaining allegations are too vague to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). I will give Conner an opportunity to further explain his allegations by submitting a supplement to his original complaint.

    1. **Failure-to-train claim**

Conner seeks to assert a claim against Brian Foster, the WCI warden based on Foster's alleged "fail[ure] to supervise and/or train the defendant." Dkt. 1, at 3. But Conner doesn't specify which defendant Foster allegedly failed to train or what training Foster should have provided.

To be liable under § 1983, a defendant must have some personal involvement in the constitutional deprivation. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003). This means that an official must have participated in the alleged conduct or facilitated it. It is not enough to show that a particular defendant is the supervisor of someone else who committed a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). For a constitutional claim based on a failure to train,

Conner would have to allege facts suggesting that Foster was responsible for training one or more of the defendants on some job duty relevant to Conner's claims, that Foster knew that his failure to provide that training was likely to lead to a constitutional violation, and that he failed to take reasonable steps to train the defendant anyway. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Conner does not allege that Foster was personally responsible for training any of the defendants on any particular job duty, so he fails to state a constitutional claim against Foster.

In his supplement, Conner should clarify his claim against Foster by identifying (1) who Foster was responsible for training; (2) what training Foster was responsible for providing that he didn't provide, and (3) any facts suggesting that Foster knew that his failure to provide that training would lead to constitutional violations.

### 2. Physical-therapy claim

I understand Conner to be asserting an additional Eighth Amendment medical-care claim based on his allegation that he was not provided with physical therapy. But his allegations are too vague to state a claim because Conner doesn't identify a defendant who was aware of his need for treatment and was responsible for the alleged delay. He simply alleges that he "was placed on the list to see the Physical Therapy since 8-27-18, yet he has not seen anyone." Dkt. 1, ¶ 22. In his supplement, Conner should identify who is responsible for that delay.

### 3. Claim against Dr. Jeanpierre

I also understand Conner to be asserting an Eighth Amendment claim against Dr. Jeanpierre. But his allegations about Dr. Jeanpierre violate Rule 8 because they do not identify what specific conduct by Jeanpierre violated his rights. Conner simply alleges that Jeanpierre denied him the correct adequate medication for his back pain, without identifying why the

7

medication Jeanpierre prescribed him was incorrect or what he did to convey this to Jeanpierre. In his supplement, Conner should explain what exactly Jeanpierre did to violate his rights. Clinical notes from Conner's appointment with Jeanpierre indicate that she prescribed him duloxetine and ordered that he receive an ice-bag and a low bunk, so Conner should explain why these treatments were inadequate, what he did to inform Jeanpierre that they were inadequate, and what alternative treatment he believes would have helped him.

I will stay service of Conner's complaint while he drafts a supplement to his original complaint. Once he submits that supplement, I will screen his updated allegations under 28 U.S.C. § 1915A. If Conner does not respond by the deadline below, I will dismiss the failure-to-train, physical-therapy, and pain-medication claims from the case, and order the complaint served on the remaining defendants.

ORDER

1. Plaintiff Adonnis Conner's motion requesting that a magistrate judge preside over his case, Dkt. 7, is DENIED.

2. Conner is GRANTED leave to proceed on the following claims:

    a. Eighth Amendment medical-care claims against Sgt. Bouzek, RN York, and John Doe Special Needs Committee member.

    b. A Wisconsin-law negligence claim against Bouzek.

3. Conner has until September 13, 2019 to file a supplement to the complaint explaining his failure-to-train, physical-therapy, and pain-medication claims.

4. Service of the complaint is STAYED pending plaintiff's filing of a supplement to the complaint.

Entered August 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge