IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADONNIS CONNER,

                Plaintiff,

v.

RANDALL BOUZEK, JOHN DOE (PHYSICAL THERAPY), CHERYL JEANPIERRE, ANN YORK, CHRYSTAL MELI (f/k/a CHRYSTAL MARCHANT), KRISTINA DEBLANC, KYLE TRITT, and NCI CARSON,

                Defendants.[1]

OPINION and ORDER

18-cv-1031-jdp

---

Pro se plaintiff Adonnis Conner, a prisoner at Waupun Correctional Institution (WCI), is proceeding on Eighth Amendment medical-care and state-law negligence claims related to a back injury he suffered when he slipped and fell on a patch of wet floor inside the prison. Conner has filed three motions: (1) a motion for leave to amend the complaint to add additional defendants, Dkt. 35; (2) a motion seeking an extension of time to respond to the defendants' discovery requests or, in the alternative, appointment of counsel, Dkt. 37; and (3) a motion to reconsider the denial of his request to proceed in forma pauperis and to refund his $400 filing fee, Dkt. 38.

I will grant Conner's motion for leave to amend the complaint. But I will deny the other two motions. Conner's deadline for responding to defendants' discovery requests hasn't yet passed, and he hasn't shown good cause for an extension. Nor has Conner demonstrated that his is one of the relatively few cases in which I would consider recruiting volunteer counsel.

---

[1] The court has updated the caption to correct the spelling of defendants' names as indicated in their answers, Dkt. 18 and Dkt. 25.

And Conner did not qualify for in forma pauperis status at the outset of this case. I will not revise his filing status retroactively.

**A. Motion to amend**

I granted Conner leave to proceed against several defendants, including members of WCI's Special Needs Committee, who Conner says denied him a special mattress for his back. Dkt. 10. Conner didn't know the identities of the Special Needs Committee defendants at the time he filed his original complaint, so they were identified as John Does. Dkt. 1. In a supplemental complaint, Conner identified the Special Needs Committee defendants as "HSM M[a]rchant, PSU Deblanc, Capt. Tritt, [and] NCI Carson." Dkt. 11, at 4. I amended the caption to include those defendants. *See* Dkt. 12, at 4. The Wisconsin Department of Justice accepted service on behalf of each defendant except NCI Carson, whom it could not identify. *See* Dkt. 14, at 1.

Conner now seeks leave to "amend the names of the Special Needs Committee Doe defendants" to the following names: "C. M[a]rchant HSM, A. Kroll OAA, R. Kueppers CPA, T. Ashworth CPS, D. Ranson RN, and Dr. Jeanpierre." Dkt. 35, at 1. Marchant (whose last name is now Meli) was already among the Special Needs Committee defendants. Jeanpierre was also already a defendant, although the claim against her relates to her failure to provide Conner with effective medication for his back pain, not her involvement with the Special Needs Committee. Conner now lists four new defendants (Kroll, Kueppers, Ashworth, and Ranson) and omits defendant Deblanc, Tritt, and Carson. I will grant Conner's motion and permit him to proceed on Eighth Amendment medical-care claims against the six Special Needs Committee members he now identifies: Marchant (now Meli), Jeanpierre, Kroll, Kueppers, Ashworth, and Ranson. I will dismiss Deblanc, Tritt, and Carson from the case. I will give the Department of

Justice a short deadline to indicate whether it will accept service on behalf of the four newly named defendants.

Conner seeks to add state-law claims against the six Special Needs Committee defendants in addition to the Eighth Amendment claims he has already stated. *See* Dkt. 35, at 3. (Conner describes them as "state constitutional claim[s]," but they are actually claims for the state-law tort of negligence.) I will allow Conner to proceed on state-law negligence claims against these six defendants for the same reasons I allowed him to proceed on the corresponding Eighth Amendment claims. If defendants wish to raise a defense based on any failure by Conner to serve written notice of these claims under Wisconsin's notice-of-claim statute, they should do so by the May 22, 2020 deadline for filing a motion for summary judgment for failure to exhaust administrative remedies.

**B. Motion for an extension of time to respond to defendants' discovery requests**

Conner asks me to grant him an extension of time in which to respond to defendants' interrogatories and requests for admission. Dkt. 37. Conner does not include the discovery requests in question with his motion, but he indicates that he received them on March 26, 2020, which means his deadline for responding is not until April 27, 2020. Nonetheless, Conner says he cannot respond to the discovery requests in the time he has remaining because he does not have access to some of the information and documents requested and will need to take various measures to obtain it, such as writing letters to family and friends, requesting records from the Department of Corrections, and so forth. The COVID-19 pandemic may further delay his ability to get the information and documents he needs.

Conner should respond to the interrogatories and requests for production to the best of his ability by the April 27, 2020 deadline. If he does not have access to the information he

needs, he should indicate that in his response and explain what measures he has taken or will take to obtain that information. As Conner obtains information and materials responsive to defendants' requests, he should supplement his responses as required under Federal Rule of Civil Procedure 26(e). If Conner finds himself unable to respond to an interrogatory because he does not know or cannot remember the information it requests, he should indicate that in his response. Similarly, if a request for production seeks documents that do not exist or that Conner doesn't have custody or control over, Conner should say so in his response. In short, he should do the best he can with the information and documents he currently has or is reasonably able to obtain under the circumstances. I see no reason why Conner cannot at least provide preliminary responses to defendants' discovery requests by the April 27 deadline. Conner's request for an extension of that deadline is denied.

In addition to requesting an extension of time in which to respond to discovery, Conner indicates that he believes he needs "appointed counsel and a[n] investigator" before he can respond to defendants' discovery requests. Dkt. 37, at 2. That is not the case. Plenty of pro se litigants successfully navigate discovery on their own, without the assistance of counsel or an investigator. Conner should review the relevant sections of the pretrial conference order, Dkt. 30, at 10–12, along with Federal Rules of Civil Procedure 26 through 37 and 45, for clarification about what he needs to do to comply with discovery obligations.

Conner should also be aware that I cannot simply appoint counsel for him. Litigants in civil cases do not have a constitutional right to counsel, so I can only attempt to recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (en banc). For me to consider recruiting counsel for Conner, he must meet three threshold requirements. *See Santiago v. Walls*, 599 F.3d 749, 760–71 (7th Cir.

4

2010). First, he must show that he is unable to afford counsel. Although Conner was denied leave to proceed in forma pauperis in this case, *see* Dkt. 4, his trust fund account statement shows that he probably doesn't have sufficient funds to hire a lawyer. *See* Dkt. 2 (showing a balance of $2,781.35). So I will assume that he meets this criterion.

Second, Conner must show that he made reasonable efforts on his own to find a lawyer to represent him. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). This court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Conner has not shown that he has made any attempt to find counsel on his own, so he doesn't meet this second requirement.

Third, Conner must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *See Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these kinds of cases to give each plaintiff one. I must decide in each case whether the particular plaintiff, "among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Conner is concerned that he may not be able to litigate this case himself because he is incarcerated, but he is in the same position as most other pro se litigants in that regard. And at this stage in the litigation, it is too soon to tell whether the case will involve complex issues that exceed Conner's capacity. The case has not yet passed the relatively early step in the

litigation in which defendants file a motion for summary judgment based on exhaustion of administrative remedies, which sometimes results in the dismissal of cases like this one before they advance deep into the discovery stage of the litigation. I conclude that Conner has not met the third requirement either.

I will deny Conner's request that I recruit counsel for him. If Conner continues to believe that he is unable to litigate this case himself as it progresses, he is free to renew his motion at that time. But he will need to show (1) that he is unable to afford counsel; (2) that he has written to at least three attorneys to ask them to consider taking his case; and (3) that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it.

One final note. Conner suggests in his motion that he will be unwilling to sign various release forms that defendants have sent him until he has had an opportunity to consult with an attorney and obtain certain information. *See, e.g.*, Dkt. 30, at 3 ("The plaintiff (Conner) cannot give authorization/consent to his Social Security number until he consult[s] with counsel and is able to receive the defendant[s'] social security numbers."); *id.* ("The plaintiff need[s] to learn of his medical history names and addresses before he can produce [the] medical authorization in the form of consent for the disclosure of confidential information."). Given that I will not recruit an attorney for Conner at this time, Conner will need to decide for himself whether he is willing to permit disclosure of the information requested by defendants. But Conner should be aware that if he is unwilling to authorize medical disclosures in this case, then his decision would likely result in dismissal of his lawsuit. This is because defendants may not be able to defend themselves against Conner's claims without having access to his medical records. If Conner believes that there are legitimate reasons to withhold certain types of records—such as that the authorization covers too long of a time period or allows defendants

6

access to sensitive or embarrassing medical information that is irrelevant to the case—then he should try to work out an agreeable scope of the authorization form with defendants.

**C. Motion to reconsider the denial of in forma pauperis status**

Conner asks that I allow him to proceed in forma pauperis in this case. Dkt. 38. But the court has already considered and rejected Conner's request for leave to proceed in forma pauperis, *see* Dkt. 4, and Conner has paid the full $400 filing fee. I interpret Conner's motion as a request that I reconsider the rejection of his request to proceed in forma pauperis and order the clerk of court to refund his filing fee. Conner says that this reconsideration is justified due to his "lack of knowledge on the matter in the earlier stage" of the case "as well as the misdirection or mistake of [his] previous jailhouse legal aid." Dkt. 38, at 1. He says that these funds "may be needed in this case." *Id.*

Under the Prison Litigation Reform Act (PLRA), prisoners must pay the $400 filing fee regardless whether they qualify to proceed in forma pauperis. Proceeding in forma pauperis merely means that the prisoner pays the fee in installments rather than all at once. *See* 28 U.S.C. § 1915(b). A prisoner's eligibility to proceed in forma pauperis is assessed at the outset of the case based on (1) the average monthly deposits into the prisoner's account or (2) the average monthly balance that the prisoner had in his trust fund account for the six-month period preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). When Conner filed this case, he had an average monthly balance of $2,398.27 in his account, *see* Dkt. 2-1, so he did not qualify to proceed in forma pauperis under the PLRA's statutory formula. *See* 28 U.S.C. § 1915(b)(1). I cannot waive the PLRA's requirements, and Conner hasn't identified any changed circumstances that would warrant reconsideration of the initial denial of leave to proceed in forma pauperis. So I will deny Conner's motion for reconsideration.

ORDER

1. Plaintiff Adonnis Conner is GRANTED leave to proceed on the following claims:

   a. Eighth Amendment medical-care claims against Randall Bouzek, John Doe (Physical Therapy), Cheryl Jeanpierre, Ann York, Chrystal Meli, A. Kroll, R. Kueppers, T. Ashworth, and D. Ranson.

   b. Wisconsin-law negligence claims against Bouzek, Jeanpierre, Meli, Kroll, Kueppers, Ashworth, and Ranson.

2. Defendants Deblanc, Tritt, and Carson are DISMISSED from the case.

3. The Department of Justice may have 21 days to inform plaintiff and the court whether it accepts service on behalf of defendants Kroll, Kueppers, Ashworth, and Ranson.

4. If defendants wish to raise a defense based on any failure by Conner to serve written notice of the newly added negligence claims under Wisconsin's notice-of-claim statute, they should do so by the May 22, 2020 deadline for filing a motion for summary judgment for failure to exhaust administrative remedies.

5. Conner's motion for an extension of time to respond to defendants' discovery requests and for assistance in recruiting counsel, Dkt. 37, is DENIED without prejudice.

6. Conner's motion for reconsideration of the denial of his request to proceed in forma pauperis and to refund his $400 filing fee, Dkt. 38, is DENIED.

Entered April 22, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge