IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADONNIS CONNER,

                Plaintiff,

v.

RANDALL BOUZEK, CHERYL JEANPIERRE,
ANN YORK, CHRYSTAL MELI (f/k/a CHRYSTAL
MARCHANT), ANGELIA KROLL, RYAN KUEPPER,
ANTHONY ASHWORTH, and D. RANSON,

                Defendants.[1]

OPINION and ORDER

18-cv-1031-jdp

---

      Pro se plaintiff Adonnis Conner, a prisoner at Waupun Correctional Institution (WCI), is proceeding on Eighth Amendment medical-care and state-law negligence claims arising out of an incident in which Conner slipped and fell on a wet floor and injured his back. The question before the court is whether Conner has exhausted his administrative remedies, as required under the Prison Litigation Reform Act. The six state defendants (who are represented by the Wisconsin Department of Justice) have filed a motion for summary judgment based on Conner's alleged failure to exhaust. Dkt. 53. Defendant Cheryl Jeanpierre, who is separately represented, has filed a motion for partial summary judgment on the same ground. Dkt. 57.

      Conner opposes both motions. Dkt. 81 and Dkt. 70. He also moves for reconsideration of my order dismissing from the case the John Doe defendant responsible for failing to provide him with physical therapy, Dkt. 68, and for an order compelling defendants to disclose the

---

[1] I have updated the caption to reflect the state defendants' full names as indicated in their answer, Dkt. 52.

identity of defendant "D. Ranson," whom the Department of Justice says it has been unable to identify. Dkt. 66.

The evidence shows that Williams exhausted his administrative remedies on only two of the claims at issue in the case: (1) his state-law negligence claim against defendant Randall Bouzek for failing to take measures to prevent Conner from slipping on the floor; and (2) his Eighth Amendment medical-care claim against Dr. Cheryl Jeanpierre for failing to provide Conner with effective pain medications. Conner failed to exhaust the remaining claims, so I will dismiss those claims from the case. Because both of Conner's motions relate to claims that I am dismissing in this order, I will deny them as moot.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before challenging conditions of confinement in federal court. 42 U.S.C. § 1997e(a). The purpose of this requirement is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Administrative exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issue on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted). This means that a prisoner needs to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Any lawsuit that a prisoner files "before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits . . . ." *Perez*, 182 F.3d at 535.

### A. Wisconsin's administrative exhaustion process

Prisoners incarcerated in the Wisconsin state prison system must exhaust administrative remedies by following the procedures outlined in section DOC 310 of the Wisconsin Administrative Code, which establishes the "inmate complaint review system" (ICRS). ICRS requires that an inmate first attempt to resolve his grievance through designated informal channels before filing a formal complaint. Wis. Admin. Code. § DOC 310.07(1). If that proves unsuccessful, the inmate must "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code. § DOC 310.07(2). Once a complaint is filed, the institution complaint examiner (ICE) either rejects the complaint for one of the nine reasons listed in the Code, *see* Wis. Admin. Code. § DOC 310.10(6), or sends a recommended complaint disposition to the appropriate reviewing authority. Wis. Admin. Code. § DOC 310.10(1). If the reviewing authority dismisses the complaint, the inmate may appeal the dismissal up the chain until he reaches the secretary of the Department of Corrections. Wis. Admin. Code. §§ DOC 310.12, 310.13. Once the secretary decides the appeal, the agency's "decision is final," at which point the prisoner will have fully exhausted his administrative remedies. Wis. Admin. Code. § DOC 310.13(3).

### B. Conner's complaint-filing history

I granted Conner leave to proceed on five sets of claims: (1) a state-law negligence claim against Bouzek for failing to ensure that "wet floor" signs were out at the time of Conner's fall; (2) Eighth Amendment medical-care claims against Bouzek and WCI nurse Ann York for being

3

aware that Conner was in pain after his fall but delaying medical treatment for three hours; (3) an Eighth Amendment medical-care claim against Jeanpierre for failing to provide Conner with effective medications for the back pain he suffered as a result of the fall; (4) Eighth Amendment medical-care and state-law negligence claims against the members of WCI's special needs committee (Chrystal Meli, Angelia Kroll, Ryan Kuepper, Anthony Ashworth, and Dr. Jeanpierre), based on their decision to deny him a special mattress for his back; and (5) Eighth Amendment medical-care claim against the John Doe defendant responsible for failing to provide Conner with physical therapy.[2] The evidence shows that Conner exhausted his administrative remedies only on the first and third claims.

Defendants provide a copy of Conner's ICRS complaint history, Dkt. 55-1, which indicates that Conner filed three ICRS complaints regarding the slip-and-fall incident and its aftermath. On September 6, 2018, Conner filed the first complaint, WCI-2018-19003, alleging that a few days earlier he had slipped and injured his back because the cell hall floor was wet and there were no "wet floor" signs out. On the complaint form, Conner wrote that after falling, he had gone to the law library, where he "started getting very sharp pain in [his] back." Dkt. 55-2, at 12. When he returned to the cell hall, he "reported it to . . . Sgt. Bouzek. [Conner] was allowed to go to HSU at about 12:30 p.m. and was taken off ground to Waupun Hospital." *Id.* After an investigation, the ICE recommended that Conner's complaint be dismissed because in his view, prison staff had taken appropriate measures to advise inmates of the slick floor.

---

[2] I later dismissed Conner's physical therapy claim after Conner failed to identify the John Doe defendant by the deadline for doing so. *See* Dkt. 47. Nonetheless, I address Conner's failure to exhaust the physical therapy claim in this order to show why Conner's motion to reconsider my dismissal of that claim is moot: even if I were to reconsider my dismissal of that claim and grant Conner additional time to identify the relevant defendant, the claim would fail based on Conner's failure to exhaust it.

4

*See id.* at 3. The warden accepted the ICE's recommendation and dismissed the complaint. *Id.* at 4. Conner timely appealed all the way to the DOC Secretary, who affirmed the dismissal. By fully completing the ICRS process, Conner successfully exhausted the claim he raised in WCI-2018-19003.

Conner filed a second complaint, WCI-2019-7343, on April 12, 2019. In it, he complained that the health services unit (HSU) manager, Chrystal Meli, "neglected her duty to train and supervise HSU staff in prescribing [his] pain medication timely." Dkt. 55-3, at 6. The ICE rejected Conner's complaint because Meli was not Conner's provider, she doesn't provide medications, and she cannot direct or compel a provider to do so. Conner did not appeal this rejection, so he did not complete the exhaustion process as to his allegation about Meli. Conner does not assert claims against Meli based on her alleged role in failing to ensure he received adequate pain medications, so WCI-2019-7343 is not relevant to the exhaustion analysis in any event.

Conner filed his third complaint, WCI 2019-7344, on April 21, 2019. He stated that he had "begged Jeanpierre for pain medication" after the slip-and-fall incident but "was only prescribed ibuprofen and muscle rub throughout that period which wasn't effective. . . . This is an ongoing issue from 8/27/18–4/21/19." Dkt. 55-4, at 11. The ICE recommended that the complaint be dismissed after he concluded that "Conner's beliefs and opinions as to his medical needs, though undoubtedly voiced to HSU and in writing this complaint, . . . do not carry the day when measured against the factual statements and evidence" about Conner's course of care. *Id.* at 2. Conner appealed the dismissal all the way to the DOC Secretary, who affirmed the dismissal. *Id.* at 7.

Based on this history, defendants contend that Conner failed to exhaust all of his claims except for his Eighth Amendment medical-care claim against Jeanpierre for failing to provide Conner with effective medications for his back pain, and his state-law negligence claim against Bouzek for failing to ensure that "wet floor" signs were out prior to Conner's fall. Defendants also acknowledge that Conner satisfied the state's notice of claim requirement for the state-law negligence claim against Bouzek by notifying the Wisconsin attorney general about the claim before filing this lawsuit as required under Wis. Stat. § 893.82. *See* Dkt. 54-1. Conner did not file grievances regarding his allegations that (1) Bouzek and York delayed three hours before getting him medical treatment after his fall; (2) the special needs committee improperly denied his request for a special mattress; and (3) WCI failed to provide him with physical therapy.

C.  **Conner's arguments regarding exhaustion**

Conner doesn't dispute defendants' account of his complaint-filing history. In his opposition briefs, he argues both that the complaints he filed were sufficient to exhaust his administrative remedies, and that the administrative process was unavailable to him for various reasons.

Conner contends that the complaints he filed were sufficient to exhaust his claims in this case because they related to his back injury, which is the subject of all of his claims more generally. Conner "only has one back," so in his view, the question whether he received "adequate and proper medical care and treatment" for his back is all "clearly one issue." Dkt. 70, at 4. But to properly exhaust an inmate complaint through the ICRS system, an inmate must "clearly identify the issue." Wis. Admin Code § DOC 310.09. Conner's complaints clearly identified issues with WCI's failure to take measures to prevent inmates from falling on the slippery floor and with Jeanpierre's failure to provide him with effective

6

pain medication. But they said nothing about the issues underlying Conner's other claims. To take Conner's ICRS complaint about Jeanpierre as an example, the ICE reviewing it would have had no reason to suspect that, in addition to objecting to Jeanpierre's failure to prescribe effective pain medications, Conner was also raising concerns about Jeanpierre's decision (as part of the special needs committee) to deny Conner a special mattress.

Conner correctly notes that exhausting administrative remedies does not require an inmate to "identify every possible legal theory in his inmate complaint," *Wine v. Pollard*, No. 08-cv-173-bbc, 2008 WL 4379236, at *2 (W.D. Wis. Sept. 23, 2008), or to "specify each remedy sought later in litigation." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). But it does require an inmate to provide the prison with "notice of, and an opportunity to correct, [the] problem." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2015). Conner's complaints did not put WCI on notice of the three-hour treatment delay, the denial of the special mattress, or the failure to provide physical therapy, and the mere fact that these issues were also related to Conner's back injury is not sufficient to exhaust under the PLRA. *See Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020) (although ICRS complaint discussed circumstances of a physical attack on the plaintiff, it did not contain information sufficient to put defendants on notice of failure-to-protect claim).

Conner argues that he should be deemed as having exhausted his claims because Jeanpierre and various HSU officials had actual knowledge of his medical needs. But that doesn't excuse Conner's non-compliance with the administrative process. *See, e.g., Richmond v. Sauvey*, No. 18-cv-530, 2018 WL 4100537, at *4–6 (E.D. Wis. Aug. 28, 2018). The administrative exhaustion requirement is about more than simply putting officials on notice of inmate grievances; it gives prison officials an opportunity "to take corrective action without

7

first incurring the hassle and expense of litigation." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Conner gave prison officials no opportunity to resolve these issues administratively, so he failed to comply with the exhaustion requirement.

Conner also suggests that the administrative exhaustion process was unavailable to him for various reasons. An inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, --- U.S. ----, 136 S. Ct. 1850, 1858, 195 L.E.2d 117 (2016). An administrative scheme can be unavailable to a prisoner if, for example, the prison fails to accept or acknowledge a prisoner's grievances, or constructs an administrative scheme "so opaque that it becomes, practically speaking, incapable of use." *Id.* at 1859.

Here, Conner contends that he was "in a lot of pain from his injury," Dkt. 81, at 18, and that it would be unconstitutional to require an inmate who "has a major medical injury to file [a] complaint on every single medical treatment needed for the . . . injury while he is trying to get better." Dkt. 86, at 3. But Conner was able to file ICRS complaints and successfully exhaust two of his claims despite his injury. There was no need for Conner to file a complaint on every single medical treatment he needed; he just needed to file complaints about the three-hour treatment delay, the denial of the special mattress, and the failure to provide physical therapy. Conner doesn't explain why his injury prevented him from doing so.

Conner also says that because inmates can raise only one issue per complaint and can file only one complaint per week, he was unable to raise all of his grievances within the 14-day time window. But according to Conner, the denial of a special mattress and the failure to provide physical therapy were ongoing problems, so he could have raised them at any time. And Conner filed only one complaint in the 14-day period following his fall, so his failure to file a grievance about the three-hour treatment delay was not attributable to the administrative

8

process's one-complaint-per-week limitation. (Also, complaints related to an inmate's health are exempt from that limitation. *See* Wis. Admin. Code § DOC 310.07(7)(a).)

Finally, Conner argues that the administrative exhaustion requirement should be waived in his case because applying it would be prejudicial and would result in a fundamental miscarriage of justice. *See* Dkt. 81, at 17. But the case he cites for that proposition, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), concerns the standard a prisoner must meet to overcome a procedural default in habeas corpus proceedings. Cases interpreting the PLRA make clear that the exhaustion requirement is mandatory and cannot be waived by the reviewing court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford*, 548 U.S. at 85.

**D. Conclusion**

Defendants have met their burden of demonstrating Conner's failure to exhaust his claims about the three-hour treatment delay and the denial of the special mattress (as well as the claim about failure to provide physical therapy, which I already dismissed). I will dismiss those claims from the case. That dismissal will be without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice), although it's unlikely that Conner will be able to exhaust these claims now that so much time has passed.

The only claims left in the case are Conner's state-law negligence claim against Bouzek for failing to put out "wet floor" signs and his Eighth Amendment claim against Jeanpierre for failing to provide adequate pain medication. The state defendants ask me to decline to exercise supplemental jurisdiction over the state-law claim against Bouzek. Dkt. 56, at 15. They don't acknowledge the remaining constitutional claim against Jeanpierre, over which I have original jurisdiction. Under 28 U.S.C. § 1367(a), I can exercise supplemental jurisdiction over any

state-law claim that is "so related to the claim[] in the action within [my] original jurisdiction that they form part of the same case or controversy." This is true even though Bouzek is not himself the subject of any federal claims. *See* Fed. R. Civ. P. 20(a)(2) (defendants may be joined in one action if (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there are questions of law and fact that are common to all defendants). The claims against Bouzek and Jeanpierre arguably meet these standards, and the state defendants make no argument that they don't. So I will retain jurisdiction over Conner's state-law claim, and the case will proceed against Bouzek and Jeanpierre.

ORDER

IT IS ORDERED that:

1. The state defendants' motion for summary judgment, Dkt. 53, is GRANTED in part and DENIED in part. Defendant Cheryl Jeanpierre's motion for partial summary judgment, Dkt. 57, is GRANTED. Plaintiff Adonnis Conner may proceed with his Eighth Amendment claim against defendant Cheryl Jeanpierre and his state-law negligence claim against defendant Randall Bouzek. The remaining claims are dismissed from the case.

2. Defendants Ann York, Chrystal Meli, Angelia Kroll, Ryan Kuepper, Anthony Ashworth, and D. Ranson are DISMISSED from the case.

3. Conner's motion to order defendants to turn over the correct information for defendant D. Ranson, Dkt. 66, is DENIED as moot.

4. Conner's motion to reconsider the dismissal of the John Doe (physical therapy) defendant, Dkt. 68, is DENIED as moot.

5. The stay on discovery, Dkt. 76, is LIFTED.

Entered August 7, 2020.

                                                  BY THE COURT:

                                                  /s/

                                                  _____

                                                  JAMES D. PETERSON
                                                  District Judge